**Henry B. KOON, Plaintiff,**

v.

**INTERNATIONAL INSURANCE COMPANY, Defendant.**

**No. DC 77-74-S.**

United States District Court,
N. D. Mississippi,
Delta Division.

March 24, 1978.

Ross L. Franks, Walker, Franks, Rone, Bridgeforth, Woods & Barbee, Hernando, Miss., for plaintiff.

G. A. Gafford, Freeland & Gafford, Oxford, Miss., Richard L. Horn, Karon, Morrison & Savikas, Ltd., Chicago, Ill., for defendant.

**MEMORANDUM OF DECISION**

ORMA R. SMITH, District Judge.

This action has been submitted on cross-motions for summary judgment and on defendant's motion to strike two affidavits submitted by plaintiff in aid of his motion for summary judgment.

The court is not persuaded that the subject matter of the questioned affidavits relates to facts which would be admissible in evidence on the trial of the case. The court will, nevertheless, overrule the motion and give consideration to the affidavits in passing upon the motions for summary judgment.

After a review of the jacket file and memoranda of the parties the court has determined that there is no genuine issue as to any material fact in the action and that defendant is entitled to a judgment as a matter of law. There may be facts which are in dispute, but they are not, in the opinion of the court, facts which are material to the court's determination of the correct disposition to be made of the summary judgment motions.

The summary judgment in favor of defendant is based on the finding that the insurance policy upon which the action is brought does not provide coverage for plaintiff in regard to expenses incurred by him in the defense of certain criminal actions brought against him by the State of Mississippi.

Plaintiff Henry B. Koon (Koon), during the time pertinent to this action, was President of Northwest Mississippi Junior College (Northwest), Senatobia, Mississippi. Koon was indicted for violation of the criminal laws of the State of Mississippi by the Grand Jury of Tate County, Mississippi. The indictments charged Koon with obstruction of justice and making false entries in the books and records of Northwest. These charges were predicated on activities of Koon while performing his duties as President of Northwest.

On the trial of the cases, Koon was acquitted. During the pendency of the litigation, Koon incurred legal and other related expenses amounting to $31,836.

At the time of the indictments Northwest had in effect with defendant International Insurance Company (International), a policy of insurance entitled "School Board Legal Liability Policy". Koon was an "insured" under the terms of the policy.

The provisions of the policy pertinent to the issue before the court are:

I. A. The Company will pay on behalf of the Insured, individually or collectively, all Loss which the Insured shall become legally obligated to pay for any claim or claims made against them during the policy period, subject to the Retroactive Provision and the Discovery Clause herein, because of a Wrongful Act.

. . . . .

II. With respect to such insurance as is afforded by this policy, the Company shall:

A. Defend any civil suit against the Insured or any of them alleging a Wrongful Act which is covered under the terms of this policy, even if such suit is groundless, false or fraudulent; the Company may make such investigation, negotiation and settlement of any claim or suit based on such Wrongful Act as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit based on such Wrongful Act after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

. . . . .

II. Definitions.

. . . . .

C. "Wrongful Act" shall mean any and all of the following: actual or alleged errors, misstatement or misleading statement, act or omission or neglect or breach of duty by the Insured, individually or collectively, in the discharge of School District duties, or any matter claimed against them solely by reason of being or having been the Insured during the policy period.

D. "Loss" shall mean any amount which an Insured is legally obligated to pay or which the School District may be required or permitted by law to pay as indemnity to an Insured, for a claim or claims made against the Insured, individually or collectively, for which insurance is provided and shall include but not be limited to damages, judgments, settlements and costs, cost of investigation and defense of legal actions (excluding from such cost of investigation and defense salaries of officers or employees of the School District or any other governmental body), claims or proceedings and appeals therefrom, cost of attachment or similar bonds, provided always, however, such subject of loss shall not include fines imposed by law.

Koon contends that the expenses incurred in defending the criminal cases constituted a loss which he was legally obligated to pay because of a wrongful act, as such is defined in the policy.

The insuring agreements of the policy provides that "[t]he company will pay on behalf of the insured . . . all loss which the Insured shall become legally obligated to pay for any claim or claims made against [the insured] during the policy period . . . because of a wrongful act."

The word "loss" is defined in the policy as "any amount which an insured is legally obligated to pay . . . for a claim or claims made against the insured . . . for which insurance is provided. . . ."

A "wrongful act" is defined in the policy as "actual or alleged errors, misstatements or misleading statements, act or omission or neglect or breach of duty of the insured . . . in the discharge of School District duties, or any matter claimed against them by reason of being or having been the Insured during the policy period."

The primary question for the court's determination is whether the policy provides protection against criminal charges and/or expenses incurred in defending such charges.

The parties are in agreement as to the rules of law which are applicable in the case and which must govern the decision of the court.

The Mississippi Supreme Court in *Key Life Insurance Co. of South Carolina v. Tharp*, 253 Miss. 774, 179 So.2d 555 (1965), speaking through Chief Justice Lee, said

Under the decisions of this court, if an insurance contract is in plain and unambiguous language it should be construed as written in the same way as any other contract. . . .

On the contrary, it needs no citation of authority, and appellant, for that matter, concedes that, if an insurance contract is ambiguous and capable of two reasonable but different constructions, the construction will be adopted which is in favor of the insured since the contract is prepared by the insurer.

179 So.2d at 559.

It is well settled that the court must look to the entire contract and all of its terms in order to decide if the meaning and intent of the contract is clear. *State Farm Mutual Automobile Ins. Co. v. Taylor*, 233 So.2d 805 (Miss.1970).

The policy expressly provides that the term "Loss" does not include fines imposed by law. Therefore any fine which could have been imposed on Koon upon a conviction would not constitute a claim covered by the policy. It is not reasonable to conclude that the policy provided protection for Koon from a period of incarceration. There appears no reasonable grounds to interpret the terms of the policy to afford Koon a defense to the indictments.

The policy expressly provides that the company will "defend any civil suit against the Insured . . . alleging a Wrongful Act" and "the company may make such investigation, negotiation and settlement of any claim or suit based on such Wrongful Act as it deems expedient."

This language could not be reasonably construed to include the prosecution of an insured on a criminal charge. If such a suit is civil in nature, but founded upon activities of an insured of a criminal nature, this provision of the policy would probably place upon International a duty to defend the suit. To hold that International is liable under its policy for expenses incurred in defending a criminal proceedings would be in direct opposition to the plain provision of the policy wherein International bound itself to provide a defense for any civil suit.

The court does not reach the remaining issues presented by the motions. The question of notice pursuant to policy provisions and the authority of the individual who procured the policy for Northwest to receive notice and bind International appear to present questions of fact for the trier of the facts, and thus, renders summary judgment inappropriate.

International raises the issue of public policy, and asserts that to the extent the policy might be held to insure Koon against expenditures in defense of criminal activities, the policy would not be enforceable because such an undertaking would be in violation of public policy. International cites respectable authority in support of the proposition. 1 *Couch on Insurance*, § 1:36; 2 *Couch on Insurance* 2d § 39:14. The court does not reach this question in view of the court's holding that the claim is not within the coverage of the policy.

An appropriate order is being entered.